hLANDRIEU, J.,
DISSENTING IN PART.
I respectfully dissent in part from the majority’s opinion.
*955 The United States Supreme Court, in Will v. Michigan Dept. of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), specifically held that a state is not a “person” within the meaning of 42 U.S.C. § 1983 and, therefore, state officials, acting in their official capacities, are outside the class of persons subject to liability under the federal civil rights statute. The majority takes completely out of context the language, “[t]he Eleventh Amendment bars such suits unless the State has waived its immunity.” Id., 109 S.Ct. at 2309-2310.' It is clear from reading Will in its entirety that the Supreme Court used the words “such suits” to refer to suits filed in federal courts by plaintiffs seeking civil rights remedies against States. The Eleventh Amendment waiver of sovereign immunity, relied on by the majority, does not apply to the present case because it is a state court suit. Thus, I disagree with the majority opinion insofar as it holds the State of Louisiana, the MRBA and the DOTD liable for attorney’s fees and punitive damages under 42 U.S.C. § 1983.
U further disagree with the majority’s award of $1,000,000 in general damages, as I find it clearly excessive. The majority correctly reversed the judgment for special damages attributable the narcotics arrest incident, yet it affirmed the general damage award without any reduction for general damages attributable to that incident. It makes no sense to conclude that none of the $1,000,000 general damage award was attributable to plaintiffs only physical and permanent injury. Since the majority reduced the special damage award, it is only logical that the general damage award must also be reduced. After reviewing the record, I believe the highest reasonable award for general damages to the plaintiff, who suffered no physical damage, has neither sought nor received psychiatric care or psychological counseling and who has been awarded the entire financial compensation suggested by her own economist, is $150,000.
Finally, I believe a reduction in the general damage award warrants a reduction in the awards for punitive damages and attorney’s fees.
hORDER

ON REHEARING GRANTED IN PART:

The application for rehearing is granted only to correct the calculation regarding the final figures of the amended damage award. In all other" respects, the rehearing application is denied. The following is the correction of the calculation of the amended damage award:
General damages: $1,000,000.00
Revised Lost Income: +471,629.00
Subtotal: $1,471,629.00
PLUS
Punitive damages
(16% of total award of revised $1,471,629.00): $ 220,729.36
Attorney’s fees
(15% of total award of revised $1,471,529.00): +220,729.35
Subtotal: 441,458.70
General Damages & Revised Lost Income $1,471,529.00
Revised Punitive & Attorney’s Pees: +441,458.70
TOTAL: $1,912,987.70
PLUS INTEREST
hWALTZER, J. WOULD GRANT REHEARING.
I would grant rehearing for the reasons stated in my original dissent.